**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

DANNY STARNES,                                )
                                              )
           Plaintiff,              )
                                              )
           v.                      )    No. 09-0299-SSA-CV-W-FJG
                                              )
MICHAEL J. ASTRUE, Commissioner,              )
Social Security Administration,               )
                                              )
           Defendant.             )

## ORDER

This is a judicial review of a final decision discontinuing disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., 42 U.S.C. § 405(g). Following a hearing, an Administrative Law Judge (ALJ) found on March 28, 2008, that plaintiff had engaged in substantial gainful activity and was not under a "disability" as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review, and thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Act provides that the Commissioner may terminate the benefits of persons previously determined to be disabled if there is substantial evidence which demonstrates that the person can now engage in substantial gainful activity. 42 U.S.C. § 423(f). The decision is made on the weight of the evidence and on a neutral basis, without regard to the individual's condition. The prior determination does not give an initial inference to the presence or absence of disability for the current review. Id. Thus, plaintiff has the burden of showing, at step one, that he has not or is not engaging in substantial gainful activity. See Sanchez v. Chater, 964 F. Supp. 133, 138 (S.D.N.Y. 1997) (claimant bears the burden of proof as to the first four steps of the evaluation); Smedley v. Bowen, 1988 WL 125707 (W.D. Mo. Nov. 1, 1988) (unreported) (claimant has burden of proof at step one). In this case, plaintiff has not done so.

The standard for judicial review of an ALJ's denial of benefits has been set forth by the Eighth Circuit:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)).

Here, the court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the documentary evidence. The record contains substantial evidence on the record as a whole to support the ALJ's conclusion that plaintiff, as an officer of Starnes Investment, provided significant services to the corporation and received substantial income from the business. Plaintiff contributed "more than half the total time required for the management of the business" and his reportable income from that business was more than the threshold earnings guidelines. See 20 C.F.R. § 404.1575. Although plaintiff claims he did not engage in physical work, the regulations also consider significant mental activities done for pay or profit to be substantial gainful activity. See 20 C.F.R. § 404.1572. Plaintiff met with, arranged for or otherwise coordinated the work performed by the various contractors to develop the land and sell the lots. There were no other active employees or officers of the corporation engaged in such activities.

After review, the court agrees with the arguments in the Commissioner's brief and finds substantial evidence in the record as a whole to support the Commissioner's decision that plaintiff engaged in substantial gainful activity and was no longer disabled within the meaning of the Social Security Act. Accordingly, it is

ORDERED that plaintiff's motion to reverse the final decision of the ALJ is denied and the decision of the Commissioner is affirmed.

      /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
Chief United States District Judge

Dated: March 4, 2010
Kansas City, Missouri